IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GNADJI LAZARE,

     Petitioner,

v.                                        No. 2:26-cv-00808-KG-KK

MARY DE ANDA-YBARRA, et al.,

     Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Gnadji Lazare's Petition for Writ of Habeas Corpus. Doc. 1, and the Government's Response, Doc. 5.  Petitioner, proceeding pro se, challenges the facts supporting his continued detainment pending removal proceedings.  Doc. 1.  For the reasons below, the Court dismisses the petition without prejudice.

### I.    *Background*

Petitioner is a citizen of the Republic of Côte d'Ivoire.  Doc 5 at 1.  He was lawfully admitted to the United States on a tourist visa on June 5, 2025.  *Id.* at 2.  On January 17, 2026, United States Border Patrol ("USBP") detained Petitioner pursuant to 8 U.S.C. § 1226, asserting that he overstayed his six-month visa.  *Id.*  The Department of Homeland Security ("DHS") transferred Petitioner to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained.  *Id*.

On March 2, 2026, Petitioner had a bond hearing.  *Id.* at 2–3.  The immigration judge denied bond, determining that Petitioner failed to show that he was not a flight risk.  Doc. 5-8.  Petitioner is scheduled to appear before an immigration judge for removal proceedings on April 23, 2026.  Doc. 5 at 3.

Petitioner seeks release from immigration detention.  Doc. 1 at 7.  Petitioner alleges: (1) his visa is valid through June 2026; (2) he is in the process of applying for asylum; (3) he has been detained for two months; and (4) he has serious health problems.  *Id.* at 6–7.  The Government asserts that this Court lacks jurisdiction to review the immigration judge's decision denying bond to Petitioner.  *Id.* at 4–5.  The Government also contends that because Petitioner has received a bond hearing, the petition should be denied as moot.  Doc. 5 at 4.

## II.     Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    Analysis

Petitioner is detained under § 1226.  Doc. 5 at 4.  Section 1226(a) "authorizes the Government to detain certain [noncitizens] already in the country pending the outcome of removal proceedings."  *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).  Noncitizens detained under § 1226(a) are entitled to bond hearings "at the outset of detention."  *Id.* at 306.  Here, an immigration judge denied Petitioner bond, finding that Petitioner did not meet his burden of demonstrating that he was not a flight risk.

To the extent Petitioner contests the immigration judge's bond determination, the Court lacks the authority to consider Petitioner's claims.  Doc. 1 at 6–7.  In habeas proceedings, district courts lack jurisdiction to review an immigration judge's decision to deny bond.  § 1226(e); *see also Demore v. Kim*, 538 U.S. 510, 516 (2003) (noting that § 1226(e) precludes review of the Attorney General's "discretionary judgment" or "decision" regarding detention or release but

permits constitutional challenges to detention).  A petitioner seeking review of a bond decision must either appeal the denial to the Board of Immigration Appeals or file a request for a bond redetermination.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also* 8 CFR § 236.1(d)(1), (3).

To the extent Petitioner argues his approximately three-month detention violates his due process rights, §1226 authorizes the Government to detain a noncitizen until the conclusion of removal proceedings.  *Jennings*, 583 U.S. at 306.  Because Petitioner has received the process due, his continued detention pending removal proceedings is lawful.

**IV.     Conclusion**

Petitioner's Petition for Writ of Habeas Corpus, Doc. 1, is denied.  The Court dismisses the petition without prejudice.  Petitioner may file a subsequent petition should the facts of his detention change.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales\
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.