IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GNADJI LAZARE,

    Petitioner,

v.                                No. 2:26-cv-00808-KG-KK

MARY DE ANDA-YBARRA, et al.,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Petitioner Gnadji Lazare's Second Petition for Writ of Habeas Corpus. Doc. 8.  Petitioner, proceeding pro se, challenges the facts supporting his continued detainment pending removal proceedings and raises a due process claim.  *Id.*  Because the Court has already rejected Petitioner's argument that he was detained without adequate process, he must show cause why this case should not be dismissed as an abuse of the writ.

## I.    *Background*

Petitioner is a citizen of the Republic of Côte d'Ivoire.  Doc. 5 at 1.  He was lawfully admitted to the United States on a tourist visa on June 5, 2025.  *Id.* at 2.  On January 17, 2026, United States Border Patrol ("USBP") detained Petitioner pursuant to 8 U.S.C. § 1226, asserting that he overstayed his six-month visa.  *Id.*  The Department of Homeland Security ("DHS") transferred Petitioner to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained.  *Id.*

On March 2, 2026, Petitioner had a bond hearing.  *Id.* at 2–3.  The immigration judge denied bond, determining that Petitioner failed to show that he was not a flight risk.  Doc. 5-8.  An immigration judge ordered Petitioner removed on April 23, 2026.  Doc. 9 at 1.  Petitioner appealed the decision to the Board of Immigration Appeals.  *Id.* at 2.

1

Petitioner filed his first 28 U.S.C. § 2241 petition on March 17, 2026, Doc. 1, in 26-cv-808. Petitioner argued that he was detained without procedural safeguards and due process. *See* Doc. 1. The Court denied the petition on April 14, 2026, determining that Petitioner received an adequate bond hearing as required by 8 U.S.C. § 1226. Doc. 7. Petitioner filed the present petition on June 15, 2026, in 26-cv-808. Doc. 8. He again argues he was detained without due process. The Court will consider whether Petitioner's second/successive filing constitutes an abuse of the writ.

## II.    *Standard of Review*

Habeas corpus relief is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Courts conduct an initial review of pro se habeas petitions to determine whether the claims raise a colorable request for relief. *See* Habeas Corpus Rules 1, 4. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the Judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the Judge must order … an answer." *Id.*

Where, as here, a petitioner files multiple § 2241 petitions, the later-filed cases generally proceed in one of two ways. If the first § 2241 case is still pending, the later filed petition may be dismissed as duplicative and without prejudice. *See, e.g., Horbenko v. Lyons*, 26-cv-0751-KWR-DLM (dismissing duplicate Section 2241 immigration petition); *Anis v. Bondi*, 26-cv-0865-KG-DLM (same); *Leon-Chapa v. Janecka*, 26-cv-1060-MIS-GBW (same); *Izquierdo v. Warden*, 26-cv-1117 SMD-JHR (same). The petitioner is then free to continue prosecuting claims in his or her existing § 2241 case. *Id.*

If the second petition is filed after a ruling on the merits, the Court may dismiss the second petition as an abuse of the writ. *See Tashchian v. Warden of Golden State Annex Det. Facility*, 2025 WL 3194356, at *1 (E.D. Cal. Oct. 2, 2025) (dismissing immigration petition

based on the abuse of the writ doctrine).  The "abuse of the writ" doctrine developed in the case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255.  *See Calderon v. Thompson*, 523 U.S. 538, 558 (1998) (noting the statutory "provisions [applicable to Section 2254] do not govern" Section 2241 proceedings, but they "inform [judicial] consideration" of the abuse of the writ doctrine); *Stanko v. Davis*, 617 F.3d 1262, 1268 (10th Cir. 2010) (discussing the statutory bar applicable to Section 2254 and 2255 proceedings and the abuse of the writ doctrine applicable to Section 2241 proceedings).

The abuse of the writ doctrine permits courts to dismiss successive § 2241 claims that were raised in a prior petition as well as new "claims [that] could have been raised in an earlier [petition] … but were not."  *Stanko*, 617 F.3d at 1270.  *See also Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) ("Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.").  The Government can raise the doctrine in an answer, but it can also be raised *sua sponte*.  *See Oleksandr v. Warden*, 2026 WL 1480418, at \*2 (E.D. Cal. May 27, 2026) ("a court can raise abuse of the writ sua sponte"); *Femia v. United States*, 47 F.3d 519, 523 (2d Cir. 1995) (same). Once the Court identifies claims that were raised in a prior petition (or could have been raised), "[t]he burden to disprove abuse … becomes petitioner's."  *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).  Petitioner must "show that a fundamental miscarriage of justice would result from a failure to entertain the claim."  Id. at 494-495.

### III.    *Analysis*

Here, Petitioner raises the same claims as his first petition.  Petitioner argued in his first petition that he had been arrested and detained without an individualized assessment of whether he is a danger to the community of flight risk.  Doc. 1.  In the present case, although Petitioner uses new labels for his claims, he otherwise makes similar factual arguments that he has been detained

3

despite having a valid visa, and without having committed a crime.  Doc. 8 at 4–5.  Petitioner

similarly raises arguments concerning his inability to return to the Republic of Côte d'Ivoire, and

other health related concerns.  *Id.* at 6–7.  These arguments, while phrased slightly differently than

before, appear to turn on the same issue: the facts supporting the immigration judge's bond

determination.  The Court has already determined that it has no jurisdiction to review the IJ's bond

determination and Petitioner has not raised any new grounds upon which relief may be granted.

## IV.    Conclusion

For these reasons, Petitioner must file a response showing cause, if any, why the present

Petition should not be dismissed as an abuse of the writ.  The response is due within **thirty (30)**

days of entry of this ruling.  If Petitioner fails to timely respond and overcome the abuse of the writ

doctrine, the Court may dismiss this case without further notice.

The Court will grant Petitioner's Motion to Proceed In Forma Pauperis (Doc. 10).

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.