**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GNADJI LAZARE,

Petitioner,

v. No. 2:26-cv-00808-KG-KK

MARY DE ANDA-YBARRA, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Gnadji Lazare's Amended Petition for a Writ of Habeas Corpus, Doc. 8, and the Government's Response, Doc. 19. For the reasons below, the Court denies the Petition.

The relevant background information is contained in the Court's prior Order denying Petitioner's first petition for a writ of habeas corpus. *See Lazare v. Mary de Anda-Ybarra*, No. 26-cv-808-KG-KK, Doc. 7 at 1 (filed Apr. 14, 2026). Petitioner filed an Amended Petition, asserting that his now ten-month detention has become prolonged in violation of the Fifth Amendment's Due Process Clause. Doc. 8 at 4–5. Petitioner's order of removal became administratively final on September 24, 2026, following the Board of Immigration Appeal's ("BIA") dismissal of Petitioner's appeal. Doc. 19 at 2. Petitioner has been detained for two months since his order of removal became administratively final. *Id.* Respondents argue that Petitioner's two-month detention under § 1231 is "constitutionally presumptively reasonable" and that "there is no legal authority for this Court to grant relief under *Zadvydas*." *Id.* at 3.

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under 8 U.S.C. § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or

treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). A removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. *See* 8 C.F.R. § 1241.1(a)–(c). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.*; § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized[.]" *Zadvydas*, 533 U.S. at 699. A six-month detention period is presumptively reasonable. *Id.* at 700–01. After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must...rebut that showing" or release the noncitizen. *Id.* at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as 'the reasonably foreseeable future' . . . shrink[s]." *Id.* The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 817 F. Supp. 3d 1002, 1013 (D. Nev. 2025); *Douglas v. Baker*, 812 F. Supp. 3d 525, 532–33 (D. Md. 2025).

Applying these principles, Petitioner's detention remains lawful under § 1231. Petitioner's removal order became administratively final on September 24, 2026, when the BIA denied his appeal. That finality triggered the removal period. Since that date, he has been

detained for two months. Accordingly, his detention remains within the six-month period that *Zadvydas* recognized as presumptively reasonable. 533 U.S. at 701.

The Amended Petition for a Writ of Habeas Corpus, Doc. 8, is therefore denied without prejudice. Petitioner may file a new habeas petition if he remains detained beyond the six-month period.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.